107 F.3d 923
 323 U.S.App.D.C. 290
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Philip R. KARN, Jr., Appellant,
v.
U.S. DEPARTMENT OF STATE and Thomas E. McNamara, Appellees.
 No. 96-5121.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 21, 1997.
 
 On Appeal from the United States District Court For the District of Columbia, Civil No. 95-01812; Charles R. Richey, Judge.
 D.D.C., 925 F.Supp. 1.
 REMANDED.
 Before: WILLIAMS, GINSBURG, and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 In light of the recent Executive Order transferring regulatory authority of non-military cryptographic computer source code to the Commerce Department, and the Commerce Department's promulgation of a new regulation under the authority of the International Emergency Economic Powers Act, 50 U.S.C. §§ 1701 et seq., we remand this case to the district court to consider the reviewability of and, if appropriate, the merits of appellant's claim under the Administrative Procedure Act. Because "basic tenets of judicial restraint and separation of powers call upon [the court] first to consider alternative grounds for resolution" when the court is asked to answer a question involving the Constitution of the United States, Lamprecht v. FCC, 958 F.2d 382, 389-90 (D.C.Cir.1992), we do not reach the constitutional issues raised by this appeal.
 
 
 2
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 41(a)(2). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.